## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CONRAD CASE, on behalf of himself and
all others similarly situated,**

      **Plaintiffs,**

**v.**
                            **CASE NO.:  8:19-cv-00607**

**GRADY JUDD, in his official capacity as
Polk County Sheriff,**

      **Defendant.**

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
### SECOND AMENDED CLASS COMPLAINT AND DEMAND FOR JURY TRIAL

    Defendant, Grady Judd, in his official capacity as Polk County Sheriff (hereinafter referred

to as "Defendant"), by and through his undersigned counsel, files his Answer and Affirmative

Defenses to the Second Amended Class Complaint and Demand for Jury Trial [Dkt. 26] filed by

Conrad Case and al others similarly situated (hereinafter "Plaintiff"), and states as follows:

### JURISDICTION AND VENUE

    1.     Admitted that Plaintiff attempts to bring suit pursuant to 28 U.S.C. §§ 1331, 1367

and 1441(b); denied that Plaintiff is entitled to any relief whatsoever.

    2.     Admitted.

### PARTIES

    3.     Without knowledge as to Mr. Case's residency; therefore, denied. Admitted that

Mr. Case was a service member and Defendant's employee.

    4.     Denied.

    5.     Admitted.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.      This paragraph does not call for Defendant to admit or deny.  Defendant asserts that USERRA speaks for itself and leaves Plaintiff to his proofs.

7.      This paragraph does not call for Defendant to admit or deny.  Defendant asserts that USERRA speaks for itself and leaves Plaintiff to his proofs.

8.      This paragraph does not call for Defendant to admit or deny.  Defendant asserts that USERRA speaks for itself and leaves Plaintiff to his proofs.

9.      Denied.

10.      This paragraph does not call for Defendant to admit or deny.  Defendant asserts that Florida's Veteran Preference Law speaks for itself and leaves Plaintiff to his proofs.

11.      This paragraph does not call for Defendant to admit or deny.  Defendant asserts that Florida's Veteran Preference Law speaks for itself and leaves Plaintiff to his proofs.

12.      This paragraph does not call for Defendant to admit or deny.  Defendant asserts that Florida's Veteran Preference Law speaks for itself and leaves Plaintiff to his proofs.

13.      This paragraph does not call for Defendant to admit or deny.  Defendant asserts that Florida's statutes speak for themselves and leaves Plaintiff to his proofs.

14.      Denied.

15.      Denied.

16.      Denied.

17.      This paragraph does not call for Defendant to admit or deny.  Defendant leaves Plaintiff, and any class members, to their proofs.

18.      Denied.

19.      Denied.

5851908v.1

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

**FACTUAL ALLEGATIONS (Plaintiff Conrad Case)**

24.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

25.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

26.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

27.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

28.    Admitted.

29.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

5851908v.1

30.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

31.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

32.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

33.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

34.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

35.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, Defendant is without knowledge; therefore, denied.

36.    Admitted only that Plaintiff, Conrad Case, has indicated to Defendant that he is a United States service member. As to the remaining allegations in this paragraph, they are denied and Defendant leaves Plaintiff to his proofs.

37.    Denied.

38.    Without knowledge; therefore, denied.

4

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     The allegations in this paragraph are denied as phrased.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

## CLASS ACTION ALLEGATIONS

57.     Defendant re-alleges his responses to paragraphs 1 through 56.

58.     Admitted only that Plaintiff's Second Amended Complaint contains class allegations.  The remaining allegations in the paragraph are denied.

5

59.     Admitted only that Plaintiff's Second Amended Complaint contains class allegations.  The remaining allegations in the paragraph are denied.

60.     Admitted only that Plaintiff's Second Amended Complaint contains class allegations.  The remaining allegations in the paragraph are denied.

61.     Admitted only that Plaintiff's Second Amended Complaint contains class allegations.  The remaining allegations in the paragraph are denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied that the relief sought is typical.

68.     Denied.

69.     Admitted only that Plaintiff has representation.  As to the remaining allegations, Defendant is without knowledge; therefore, denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Admitted only that Plaintiff believes these are the central questions in this litigation. Any remaining allegations are denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Admitted.

## COUNT I – DISCRIMINATION IN VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT ACT

82.     Defendant re-alleges its responses to paragraph 1 through 56 as if reasserted herein.

83.     Denied.

84.     This paragraph does not call for Defendant to admit or deny.  Defendant asserts that USERRA speaks for itself and leaves Plaintiff to his proofs.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the Plaintiff's WHEREFORE clause following paragraph 88.

## COUNT II – DENIAL OF BENEFITS OF EMPLOYMENT IN VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT ACT

89.     Defendant realleges its responses to paragraph 1 through 56 as if reasserted herein.

90.     This paragraph does not call for Defendant to admit or deny.  Defendant asserts that USERRA speaks for itself and leaves Plaintiff to his proofs.

91.     This paragraph does not call for Defendant to admit or deny.  Defendant asserts that USERRA speaks for itself and leaves Plaintiff to his proofs.

92.     This paragraph does not call for Defendant to admit or deny.  Defendant asserts that the C.F.R. speaks for itself and leaves Plaintiff to his proofs.

93.     This paragraph does not call for Defendant to admit or deny.  Defendant asserts that the C.F.R. speaks for itself and leaves Plaintiff to his proofs.

94.     This paragraph does not call for Defendant to admit or deny.  Defendant asserts that the C.F.R. speaks for itself and leaves Plaintiff to his proofs.

95.     This paragraph does not call for Defendant to admit or deny.  Defendant asserts that Florida law speaks for itself and leaves Plaintiff to his proofs.

96.     Denied.

97.     Denied.

98.     Denied.

Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the Plaintiff's WHEREFORE clause following paragraph 98.

## PRAYER FOR RELIEF

99.     Defendant specifically denies that Plaintiff is entitled to any of the relief requested in this paragraph.

## DEMAND FOR JURY TRIAL

100.     This paragraph does not call for Defendant to admit or deny.

All allegations of the Second Amended Complaint not specifically admitted herein are denied.

Defendant, still urging and relying on matters hereinabove alleged, by way of further answer, and without waiver of any of the foregoing defenses and denials, further alleges in the alternative by way of affirmative defenses:

8

## FIRST AFFIRMATIVE DEFENSE

Defendant believed in good faith its conduct was in compliance with all applicable laws, and reasonable procedures were maintained by Defendant to ensure compliance with USERRA, and all other federal and state laws.

## SECOND AFFIRMATIVE DEFENSE

Because Plaintiff has failed to allege an actual, concrete harm, Plaintiff does not have standing to bring this lawsuit against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover damages because Plaintiff has not suffered an actual harm caused by Defendant's alleged violation of the USERRA or Florida's Veteran Preference Law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees because Plaintiff has not suffered an actual harm caused by Defendant's alleged violation of the USERRA or Florida's Veteran Preference Law.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that class certification would require individual analysis of potential class members, the action may not be maintained as a class action.

## SIXTH AFFIRMATIVE DEFENSE

In accordance with section 4312(d) of USERRA, Defendant's circumstances have so changed as to make any promotion requested by Plaintiff impossible or unreasonable.

## SEVENTH AFFIRMATIVE DEFENSE

In accordance with section 4312(d) of USERRA, any promotion of Plaintiff would impose an undue hardship on Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

In accordance with USERRA, Defendant was not required to promote Plaintiff as assisting Plaintiff in becoming qualified for promotion would impose an undue hardship.

## NINTH AFFIRMATIVE DEFENSE

In accordance with Florida Statute sections 295.07, 295.085, and 295.09, the positions at issue were exempt from Florida's Veteran's Preference Laws.

## TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to protection under sovereign immunity and the Eleventh Amendment to the United States Constitution from being sued in federal court.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not and cannot satisfy the prerequisites to maintain this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint and each cause of action purportedly alleged therein are barred by the applicable statutes of limitation.

Defendant reserves the right to amend this Answer and assert additional affirmative defenses as Plaintiff's claims are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, premises considered, Defendant prays this Court, upon hearing hereof, enter judgment as follows:

1.  Ordering that Plaintiff take nothing by this action;

2.  Dismissing Plaintiff's Complaint against Defendant and any claims therein in their entirety with prejudice;

3.      Ordering that judgment be entered in Defendant's favor; and

4.      Awarding Defendant such other relief, both at law and in equity, to which it may

show itself to be justly entitled.

Respectfully submitted this 5th day of June 2019.

/s/      *Phillip J. Harris*
**PHILLIP J. HARRIS,** FBN:  0044107
pharris@constangy.com
**GREGG M. MORAN,** FBN:  1011060
gmoran@constangy.com
**CONSTANGY, BROOKS, SMITH &**
**PROPHETE, LLP**
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
Telephone:      (813) 223-7166
Facsimile      (813) 223-2515
Service Email:      tampa@constangy.com
*Attorneys for Defendant*

11

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 5th day of June 2019, I electronically filed the foregoing with the Clerk of Court by using the Federal CM/ECF filing system, which will send a Notice of Electronic Filing, along with a true and correct copy of the foregoing via e-mail to the following:

Gregory A. Owens, Esq.
greg@fgbolaw.com
Christopher Gray, Esq.
chris@fgbolaw.com
FLORIN GRAY BOUZAS OWENS, LLC
16524 Pointe Village Drive, Suite 100
Lutz, FL  33558
Telephone:     (727) 254-5255
Facsimile:     (727) 483-7942
*Counsel for Plaintiff*

/s/       *Phillip J. Harris*
**Attorney for Defendant**

12