**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CONRAD CASE, on behalf**
**of himself and all others similarly**
**situated,**

      **Plaintiff,**

                                **Case No.: 8:19-CV-00607-VMC-TGW**

**v.**                                    **CLASS ACTION ALLEGATIONS**

**GRADY JUDD, in his official capacity as**
**Polk County Sheriff,**

      **Defendant,**

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORDER**
**REGARDING THE COURT'S JURISDICTION OVER PLAINTIFF'S USERRA**
**CLAIMS**

      Plaintiff, Conrad Case, submits his Memorandum of Law in Response to the Court's Order

Regarding the Court's Jurisdiction over Plaintiff's USERRA Claims. (Doc. 46).  For the reasons

set forth more fully below, the Court has jurisdiction to hear this case.

**I.**      **MEMORANDUM OF LAW**

      **A.**      **USERRA's Statutory Language**

      USERRA provides that, "[i]n the case of an action against a State (as an employer) by a

person, the action may be brought in a State court of competent jurisdiction in accordance with the

laws of the State."[1] 38 U.S.C. § 4323(b)(2).  Despite the statute's permissive language, Courts

routinely hold that jurisdiction to hear private suits against state employers lies exclusively with

---

[1]USERRA defines "state" as "each of the several states of the United States, the District of
Columbia, the Commonwealth of Puerto Rico, Guam, the Virgin Islands, and other territories of
the United States (including the agencies and political subdivisions). 38 U.S.C. § 4303(14).

state courts. See *Wood v. Fla. Atlantic Univ. Bd. of Trustees*, 432 F. App'x 812, 815 (11th Cir. 2011); *Townsend v. Univ. of Alaska*, 543 F.3d 478, 484 (9th Cir. 2008); *Mcintosh v. Partridge*, 540 F.3d 315, 321 (5th Cir. 2008); *Velasquez v. Frapwell*, 165 F.3d 593, 594 (7th Cir. 1999). **However**, USERRA contains specific language regarding jurisdiction of the federal courts when the case involves a political subdivision of the state.  Specifically, district courts ***shall*** have jurisdiction "[i]n the case of an action against a private employer by a person." 38 U.S.C. § 4323(b)(3).  Importantly, USERRA defines "private employer" to include a political subdivision of a state. 38 U.S.C. § 4323(i).

Following this mandatory statutory language, sister district courts in the Eleventh Circuit have analyzed this issue and held that the federal courts have jurisdiction to hear USERRA claims against political subdivisions of the state. *See Weaver v. Madison City Bd. of Educ.*, 947 F.Supp.2d 1308, 1324 (N.D. Ala. 2013); *Harris v. City of Montgomery*, 322 F.Supp.2d 1319, 1326 (M.D. Ala. 2004).  The *Weaver* court explained:

> Thus, insofar as a private individual attempts to assert a claim under USERRA against the "State (as an employer)" or against an "arm of the State," the Eleventh Amendment bars the suit.  Political subdivisions of a state, however, such as counties and municipal corporations, are not shielded, and this is reflected in the statutory definition of a "private employer" suable in district court, which includes "political subdivisions" of the state found at § 4323(i).

*Weaver*, 947 F.Supp.2d at 1310.  Similarly, the *Harris* court stressed that "[a] suit against a municipality is not the same as a suit against the State; a suit against a municipality is considered a suit against a private employer." *Harris,* 322 F.Supp.2d at 1326.  These rulings are consistent with other cases involving federal court jurisdiction over USERRA claims involving municipalities. *See Sandoval v. City of Chicago*, 560 F.3d 703, 704 (7th Cir. 2009) (holding that subject-matter jurisdiction of the federal court was established because the City of Chicago is a

"political subdivision" of Illinois); *Miller v. City of Indianapolis*, 2001 WL 406346 at \*5 (S.D. Ind. Apr. 13, 2001) (holding that the City of Indianapolis is a political subdivision of the State; therefore, it is a "private employer" under USERRA and suit against the City in federal court was proper).  Additionally, Eleventh Circuit courts have consistently presided over USERRA claims against sheriffs.  *See e.g.*, *Loperena v. Scott*, 356 Fed. App'x 240 (11th Cir. 2009) (presiding over discrimination claims under USERRA and the Americans with Disabilities Act originating in the Middle District of Florida); *Jackson v. City of Birmingham*, 364 F.Supp.3d 1310 (N.D. Ala. 2019) (presiding over discrimination claims under USERRA and the Americans with Disabilities Act); *Gipson v. Cochran*, 90 F.Supp.3d 1285 (S.D. Ala. 2015) (presiding over discrimination claims under USERRA and Title VII).[2]  Plaintiff's suit against Defendant, a political subdivision of the state, is considered a suit against a private employer.  Thus, pursuant to USERRA, the Court shall have jurisdiction over Plaintiff's case.

**B.     Defendant is a Not a State Employer or an Arm of the State Under USERRA**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state." U.S. Const. Amend. XI.  This immunity has been construed to bar suits against a state by one of its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  The immunity was extended further to extend to "state agents and state instrumentalities, which are considered "arm[s] of the State." *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

---

[2] The Eleventh Circuit has similarly held that sheriffs are not immune from claims in federal court under the Fair Labor Standards Act. *See Villareal v. Woodham*, 113 F.3d 202, fn. 1 (11th Cir. 1997) (citing *Hufford v. Rodgers*, 912 F.2d 1338, 1341-42 (11th Cir. 1990)).

Within the last year, the Eleventh Circuit addressed Eleventh Amendment immunity of Florida sheriffs. *Freyre v. Chronister*, 910 F.3d 1371 (11th Cir. 2018). In *Freyre*, the Court was charged with determining "whether the Hillsborough County Sheriff's Office, in conducting child-protective investigations under a grant agreement with the Florida Department of Children and Families, acts as an arm of the state entitled to Eleventh Amendment immunity." *Id*. at 1376. The Eleventh Circuit held that the sheriff's office was not an arm of the state and was not entitled to immunity. *Id*.

As a starting point, "the Eleventh Amendment does not immunize municipalities from suit." *Id*. at 1380 (quoting *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1301 (11th Cir. 2005)). "An officer, therefore, is entitled to Eleventh Amendment immunity if he is acting as an arm of the state but not if he is acting as an arm of the county." *Id*. (quoting *Stanley v. Israel*, 843 F.3d 920, 924 (11th Cir. 2016)). The Eleventh Circuit uses a four-factor test to determine whether a public entity is an arm of the state and, therefore, entitled to sovereign immunity. *Id*. (citing *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc)). The factors are: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Id*. This analysis is "function-specific" and looks at both Defendant's status under state law and whether Defendant was acting as an arm of the state "in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Id*. (internal citations omitted).

1.   How state law defines Defendant

The Eleventh Circuit has "repeatedly acknowledged that Florida sheriffs are, by default, county officers." *Id*. at 1381. Several aspects of Florida law support this acknowledgment. First,

the Florida Constitution defines sheriffs as "county officers." *Fla. Const*. art. VIII, § 1(d).  Second, Florida sheriffs are generally elected by the electors of each county.  *Id*.  Third, Florida courts recognize sheriffs as county officers. *See Beard v. Hambrick*, 396 So.2d 708, 711 (Fla. 1981) ("[A] sheriff is a 'county official,' and, as such, is an integral part of the 'county' . . .").  As the Eleventh Circuit has explained, this definition "weighs heavily against assigning arm of the state status to a Florida sheriff." *Freyre*, 910 F.3d at 1381 (internal citations omitted).  Similarly, Defendant, as a Florida sheriff, is a county officer.  Therefore, the first factor weighs against "arm of the state" status and in favor of "political subdivision" status.

> 2.     The degree of control the State maintains over Defendant

This factor requires the Court to look at the degree of control that the state exercises generally, as well as with the specific function at issue in the case. *Id*.  The *Freyre* court stressed that "the office of the sheriff is fundamentally a county entity." *Id*. at 1383.  This is because Florida sheriffs are elected by county voters and must maintain their office in the county seat and reside within two miles thereof, which "illustrat[es] the essentially local nature of the office." *Id*.   From a general standpoint, the state does not exercise the requisite control to transform Defendant into an arm of the state.  In terms of the function at hand, the internal promotional decisions made by Defendant are a function of Defendant and, by extension, Polk County.  In other words, the promotional decisions made by Defendant that violate USERRA are not functions of the State, nor does the State exercise control over Defendant in making such decisions.  As a result, the second factor weighs against "arm of the state" status and in favor of "political subdivision" status.

> 3.     Where Defendant derives its funds

In general, Florida sheriff's offices are "funded entirely by county taxes." *Id*. at 1384 (quoting *Stanley*, 843 F.3d at 929).  Specific to this case, there is no indication that the State of

Florida funded Defendant in its decisions to deny promotional opportunities its employees who were and are members of the uniformed services.  Thus, the third factor weighs against "arm of the state" status and in favor of "political subdivision" status.

> 4.    Who is responsible for judgments against Defendant?

The fourth factor is the most important in the Court's analysis. *Id*. at fn. 13 (internal citations omitted).  This important factor asks the Court "whether the state treasury would be burdened by a judgment against [Defendant]." *Id*.  The Eleventh Circuit "has repeatedly acknowledged that 'no provision of Florida law provides state funds to a Florida sheriff to satisfy a judgment against a sheriff." *Id*. (internal citations omitted).  Moreover, Florida law authorizes Defendant and other sheriffs to purchase liability insurance to cover "claims arising out of the performance of his or her duties or the duties of his or her deputies or employees." *Fla. Stat.* § 30.555.  There is no reason to believe that Defendant is treated differently than other sheriffs in the State of Florida.  Therefore, the important fourth factor weighs against "arm of the state" status and in favor of "political subdivision" status.

Unlike *Freyre*, this case does not present an "especially close call." *Id*. at 1385.  All of the Eleventh Circuit factors, including the important fourth factor weigh against "arm of the state" status for Defendant. Rather, Defendant was acting as a political subdivision of the state and is subject to suit in federal court.

## II.    **CONCLUSION**

Based on the four factors set forth in *Manders* and *Freyre*, Defendant is not an "arm of the state"; rather, it is a political subdivision of the state.  As a result, Defendant is considered a "private employer" under USERRA and the Court has jurisdiction to hear this matter.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of October, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Phillip J. Harris, Esq., Constangy, Brooks, Smith & Prophete, LLP, 100 North Tampa Street, Suite 3350, Tampa, Florida 33602-5832.

**FLORIN GRAY BOUZAS OWENS, LLC.**

s/ *Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**CHRISTOPHER GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)