```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CONRAD CASE, individually
and on behalf of all others
similarly situated,

        Plaintiff,

v.                             Case No. 8:19-cv-607-T-33TGW

GRADY JUDD, in his official
capacity as Polk County Sheriff,

        Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Grady Judd's Motion for Judgment on the Pleadings (Doc. # 36), filed on August 9, 2019. Plaintiff Conrad Case responded on September 6, 2019. (Doc. # 43). Judd has not filed a Reply, and the time for filing one has expired. For the reasons that follow, the Motion is granted.

**I.**     **Background**

Case initiated this action on March 11, 2019. (Doc. # 1). With leave of Court, Case filed his Second Amended Complaint on May 15, 2019. (Doc. # 26). Case seeks relief individually and on behalf of a class that includes current and former employees of the Polk County Sheriff's Office who

1

served in the military during their employment with the Sheriff's Office. (Id. at ¶ 59).

Case alleges that Judd's employment practices with the Sheriff's Office violate the Uniformed Services Employment and Reemployment Rights Act in multiple ways. First, he claims that Judd discriminates against military veterans by (1) denying them promotions due to their membership in the uniformed services and (2) failing to apply Florida's mandated veteran's preference in promotional decisions (Count I). (Doc. # 43 at 1-2). In addition, Case alleges that Judd discriminates against servicemembers by not counting periods of military leave as continuous service with the Sheriff's Office (Count II). (Id. at 2). Judd's Motion focuses on the allegations in Count I concerning the veteran's preference law.

On October 8, 2019, the parties were directed to file briefs addressing whether the Court had subject matter jurisdiction over this case. (Doc. # 46); see generally Wood v. Fla. Atl. Univ. Bd. of Trustees, 432 F. App'x 812, 815 (11th Cir. 2011) (holding that "jurisdiction to entertain private USERRA suits against state employers lies exclusively

2

in state court"). Having reviewed the briefs submitted by the parties (Doc. ## 51, 52), the Court is satisfied that subject matter jurisdiction exists because, under Florida law, the Sheriff's Office is a "political subdivision" of the state such that it is considered to be a private employer, rather than a state employer, under USERRA. See 38 U.S.C. § 4323(b)(3), (i); Bradshaw v. Bott, 205 So. 3d 815, 819 (Fla. 4th DCA 2016) ("As a constitutional officer of a county, Art. VIII, § 1(d), Fla. Const., the Sheriff is thus within the county's political subdivision." (citing Beard v. Hambrick, 396 So. 2d 708, 711 (Fla. 1981))). The Court now turns to the merits of Judd's Motion.

## II.  Legal Standard

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Federal district courts have applied a 'fairly restrictive standard in ruling on motions for judgment on the pleadings.'" ThunderWave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1564 (S.D. Fla. 1997) (quoting Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc., 932 F. Supp. 290, 291 (S.D. Fla. 1996)). "Judgment on

3

the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); see also Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) ("Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.").

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc., No. 8:13-cv-2240-T-33MAP, 2015 WL 518852, at *1 (M.D. Fla. Feb. 9, 2015)(citations omitted); ThunderWave, 954 F. Supp. at 1564 ("The standard of review for Rule 12(b)(6) and Rule 12(c) motions are identical." (citations omitted)). "In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and [the Court] view[s] those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th

Cir. 2014).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "The court has a broad discretion when deciding whether to treat a motion [for judgment on the pleadings] as a motion for summary judgment even though supplementary materials are filed by the parties and the court is not required to take cognizance of them." StoneEagle Servs., 2015 WL 518852, at *2 (citations omitted).

### III. Analysis

"Congress enacted USERRA 'to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service' and 'to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers.'" Dees v. Hyundai Motor Mfg. Ala., LLC, 368 F. App'x 49, 50 (11th Cir. 2010) (quoting 38 U.S.C. § 4301(a)(1)-(2)).

Under USERRA,

5

> A person who is a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).

Count I claims that Judd violates Section 4311(a) by failing to give preference in promotional decisions to employees who have served in the armed forces, as required by Florida law. See Fla. Stat. § 295.09(1)(a) (requiring that employees of the state or its political subdivisions who have served in the military "be awarded preference in promotion," including the awarding of "preference points" when examinations for promotions are utilized).

Case theorizes that this violation of Florida law is also a violation of USERRA because the requirements of Section 295.09(1)(a) constitute "benefits of employment" under 38 U.S.C. § 4311(a). Judd, however, contends that veteran's preference policies are not "benefits of employment" for the purposes of Section 4311 and, therefore, USERRA provides no remedy for this alleged violation of Florida law.

6

Accordingly, the key issue before the Court is whether the veteran's preference policies contained in Florida Statute 295.09(1)(a) are "benefits of employment" that are protected by USERRA.

As a starting point, USERRA defines the term "benefit of employment" as "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest . . . that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice." 38 U.S.C. § 4303(2).

While USERRA's provisions are "to be liberally construed for the benefit of those who left private life to serve their country," Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005), Section 4311 is, at its core, an anti-discrimination statute. See, e.g., Sandoval v. City of Chicago, Illinois, 560 F.3d 703, 704 (7th Cir. 2009) ("[Section] 4311 is an anti-discrimination rule — its caption reads 'Discrimination against persons who serve in the uniformed services and acts of reprisal prohibited.'"); Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11, 15 (1st Cir. 2007) (characterizing Section 4311 as

7

"the mechanism of proving discrimination claims under USERRA").

Therefore, while USERRA requires employers to treat servicemembers equally with respect to other employees, it does not require preferential treatment. See Gross v. PPG Indus., Inc., 636 F.3d 884, 889 (7th Cir. 2011) (explaining that Section 4311 "serves to protect military employees from discrimination, not provide them with preferential treatment"); Crews v. City of Mount Vernon, 567 F.3d 860, 866 (7th Cir. 2009) (explaining that USERRA's legislative history shows that Congress did not intend to require preferential treatment for servicemembers); Rogers v. City of San Antonio, 392 F.3d 758, 669 (5th Cir. 2004) (same); cf. Monroe v. Std. Oil Co., 452 U.S. 549, 561-62 (1981) (explaining that USERRA's predecessor statute did not "impose[] an obligation on employers" to provide preferential treatment).

While the Eleventh Circuit has not directly addressed the issue presented here, other circuits have held that USERRA does not cover benefits that are available only to military-affiliated employees. See Crews, 567 F.3d at 866 ("[T]he 'benefit of employment' referenced in [Section] 4311(a) is

8

one provided to both military and non-military employees."). Because a policy requiring preference for veterans in promotional decisions is, by definition, not available to non-military employees, such policies are not "benefits of employment" under USERRA. See Wilborn v. Dep't of Justice, 230 F.3d 1383, 2000 WL 194114, at *2 (Fed. Cir. 2000) ("A preference in employment decisions is not a 'benefit of employment' as defined in 38 U.S.C. § 4303(2) . . . at most, the 'benefit' is one related to Wilborn's military service rather than related to his employment in the Border Patrol.").

The case Violetto v. Village of Tinley Park, 130 F. Supp. 3d 1179 (N.D. Ill. 2015), is instructive. There, an employee of a local police department brought a USERRA claim under Section 4311(a), claiming that his military preference points were "diluted" when he took a promotional exam. Id. at 1182-83. The court dismissed that claim, finding that "Violetto's allegations regarding the dilution of his military preference fail to state a claim under USERRA." Id. at 1184. The court reaffirmed the principle that USERRA "is not intended to protect an employer's decision to provide additional preferential treatment to military employees beyond that

9

provided to non-military employees." Id.

In this case, Case claims he is entitled to preference as a military veteran in Judd's promotional decisions under Florida Statute § 295.09(1)(a). But that "benefit" is, on its face, not available to non-military employees of the Polk County Sheriff's Office. Instead, like the preference at issue in Violetto, the preference here is "available only to employees with military status, and there is no similar or equivalent benefit available to non-military employees." 130 F. Supp. 3d at 1184.

The Court agrees with the analysis in Crews and Violetto and concludes that the veteran's preference policies set forth in Florida Statute § 295.09(1)(a) are not "benefits of employment" under USERRA. Having made this determination, the Court finds that Case cannot seek relief under 38 U.S.C. § 4311(a) for Judd's alleged failure to afford preference to veterans in promotional decisions. See Wilborn, 2000 WL 194114, at *2 ("[W]hile USERRA prevents the denial of promotion on the basis of military service, it does not itself provide a remedy to veterans who are not given preferences in employment decisions."). Accordingly, Judd is entitled to

judgment in his favor on Count I to the extent that it is predicated on Judd's alleged failure to apply Florida's veteran's preference in promotional decisions.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Judd's Motion for Judgment on the Pleadings (Doc. # 36) is **GRANTED.** Judd is entitled to judgment in his favor on Count I to the extent that it is predicated on Judd's alleged failure to give preference to military veterans in promotional decisions under Florida Statute § 295.09(1)(a). However, because Count I also includes allegations which may set forth a viable claim under 38 U.S.C. § 4311(a) notwithstanding Florida's veteran's preference law, the Court will not direct the Clerk to enter judgment on Count I at this juncture.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of October, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE